Dykman, J.
This action was commenced in a court of a justice of the peace, where it was tried and where the plaintiff recovered a judgment for $48.50.
The defendant appealed from that judgment to the county court of Dutchess county, and in his notice of appeal demanded a new trial in the appellate court.
Thereupon the respondent moved in the county court to dismiss the appeal because the sum for which either party in his pleadings demanded judgment did not exceed fifty dollars. That motion was denied and a new trial was had, and the complaint of the plaintiff was dismissed at the close of his case for a failure to establish a cause of action against the defendant.
Now the plaintiff appeals from the judgment entered against him and from the order denying his motion to dismiss the appeal.
The appeal from the order must fail because the appeal was perfected by the service of a sufficient and regular notice of appeal, and nothing more was requisite to transfer the cause to the county court, and vest that court with jurisdiction over the same. Code Civil Procedure, section 3046.
What the defendant could do in the county court after reaching there with regularity and safety is quite another question.
The demand for a new trial in the appellate court, contained in the notice of appeal, did not alone secure that remedy. The appellant was not entitled to a new trial, unless the sum for which judgment was demanded by either party in his pleadings exceeded fifty dollars. By a reference to the pleadings, it is found that the plaintiff demanded judgment against the defendant for forty-five dollars, with costs; and the defendant answered by denying the complaint and stating a counterclaim for fifty-five dollars, and making no demand for any judgment. Then he submitted a bill of items for fifty dollars. Neither party, therefore, demanded judgment for a sum exceeding fifty dollars, and the defendant, as a consequence, was not entitled to a new trial in the county court. Code of Civil Procedure, section 3068.
The case was also overtaken by an error at its final conclusion.
The action was for the recovery of the value of seed wheat, and the direct testimony of the plaintiff was that he sold the wheat to the defendant, M. v. Brinkerhoff, and *407 that it went on his farm, and was taken by Ms team and his men.
Upon Ms cross-examination, it appeared that the wheat had been charged to James B. Brinkerhoff, Jr., the defendant’s son.
Upon his re-direct examination, the plaintiff testified that the accounts of the farm were kept in that way, and the same were settled by the defendant once a year, and this is upon the record:
Redirect: In former years, before James occupied this house, some other man occupied that house, and the account with the farm was kept in the same way on my books.
Question. And settled by Matthew Y B. Brinkerhoff f Objected to as immaterial and improper. Objection sustained. Defendant excepts.
The exclusion of this evidence was erroneous. When it appeared that the plaintiff had charged the seed wheat to James instead of the defendant, a burden was laid upon Mm to explain that apparently inconsistent act. Unexplained, the charge tended to show that the sale was made to James; but if the charge was made in pursuance of a purpose recognized by the defendant to keep the accounts of Ms farm separately, the proof of that fact was very material, and might well have afforded an explanation which would have been satisfactory to the jury, especially in view of the undisputed fact that the seed wheat was used upon the defendant’s farm, and the undisputed testimony of the plaintiff that the sale was made to the defendant.
It appears from the record that the complaint was dismissed upon the ground that no cause of action had been established against the defendant. The plaintiff' excepted, and asked permission to go to the jury upon the evidence. That motion was also denied, and the plaintiff excepted. The granting of the motion to dismiss, and the refusal of the permission to go to the jury, were both erroneous.
There was evidence sufficient to carry the cause to the jury and to have sustained a verdict in favor of the plaintiff, if such a verdict had been returned.
The judgment must be reversed, with costs.
Barnard, P. J., and Pratt, J„, concur.